# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1537V
Filed: January 23, 2018
UNPUBLISHED

| | |
|---|---|
| SHERI ROCCA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On November 17, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder following receipt of an influenza ("flu") vaccination on November 16, 1015. Petition at 1. On December 7, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 60.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 29, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 64.)  Petitioner requests attorneys' fees in the amount of $29,854.70 and attorneys' costs in the amount of $943.97.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 2.)  Thus, the total amount requested is $30,798.67.

On January 9, 2018, respondent filed a response to petitioner's motion.  (ECF No. 65.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

Petitioner has filed no reply

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209. Petitioners counsel duplicated two entries[3] on the billing records submitted and the total balance shall be reduced by $45.00.

The Vaccine Program does not permit billing for clerical, administrative, or secretarial work.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (finding that services of a secretarial or clerical nature "should be considered as normal overhead office costs included within the attorneys' fee rates"); *J.W.*, 2017 WL 877278 at *3 ("It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program").

---

[3]AnnMarie Sayad listed duplicated entries on 01/18/2017 "Prepped Exhibit 11 for Efiling" (0.1) and 03/10/2017 entry "Receipt & Review of ECF 22; Update file" (0.1)   (ECF No. 64-1, p 13, 18.)

2

Petitioner's counsel billed approximately 0.6 attorney hours for file set up and organization.[4] These entries, which the undersigned characterizes as administrative work, do not constitute billable time. *Guerrero v. Sec'y of Health & Human Servs.*, 124 Fed. Cl. 153, 156 (2015) (noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them") (internal quotations and citations omitted). The undersigned therefore reduces the fee request by $162.00

Due to attorney Christian Martinez's inexperience in the Vaccine Program, the undersigned does find cause to reduce his hourly rate from the requested $215 an hour to $200 an hour. Therefore, attorneys' fees are reduced by $103.50. The full amount of costs sought, $723.67, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amount.

**Accordingly, the undersigned awards the total of $30,488.17[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bruce William Slane.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Bruce W. Slane billed 0.2 hours for "File Set-Up and Address Verification"; "billed 0.1 hours "Organizing File". AnnMarie Sayad billed 0.2 hours for, "Organizing File: 0.1 hours "Organize File With Receipts". (ECF No. 64-1, p1, 10 -11.)

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.